[No. 22694. Department One. April 13, 1931.]

H. H. CLARK, *Appellant*, v. MINNIE E. KENNEDY, *Respondent*.[1]

*Gordon McGauvran*, for appellant.
*J. S. Robinson*, for respondent.

MITCHELL, J.—In this case a man sues a woman for an alleged breach of marriage promise. She denied making such a promise. He was the only witness, and at the close of his case in a jury trial the court granted a judgment of nonsuit, from which the appeal has been taken.

The record is brief. He testified that they made mutual promises of marriage, no date being fixed for the ceremony, at which time he did not know who she was, but did know that the name she was using was an assumed one. Shortly thereafter, he claims, in his testimony, to have found out who she was and that after the discovery of her identity he "was not willing or ready to go through with the contract on his part." No reason, or show of it, is given for his retreat. A few days thereafter, he claims that in a conversation between them she declared she would not marry him. Shortly thereafter, he brought this suit for damages.

[1]Reported in 297 Pac. 1087.

██ "The general and simplest rule of damages is that the injured party is entitled to compensation for the loss sustained." *Fell v. Newberry*, 106 Mich. 542, 64 N. W. 474. Assuming, for the sake of the decision, that appellant's claims and admissions are true, it is difficult to understand how he is entitled to any compensation on account of her declining to marry him at a time he "was not willing or ready to go through with the contract on his part." It would seem that so happy an escape should not be converted into a cause of action.

Viewed from another angle, if it was a breach of promise, it was so purely technical, considering his attitude at that time, that he would not be entitled to more than nominal damages, for the recovery of which a reversal would not be directed.

Judgment affirmed.

TOLMAN, C. J., HOLCOMB, PARKER, and MAIN, JJ., concur.